## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LAKEISHA SHANAE ADAMS                                    CIVIL ACTION

VERSUS                                                     NO. 12-3046

JAMES ROGERS, WARDEN                              SECTION: "B"(1)

### ORDER AND REASONS

Before the Court is La'Keisha Shanae Adams' ("Petitioner") petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. Respondent filed an answer and memorandum in opposition to the petition. Petitioner filed a memorandum in opposition to Respondent's answer and the petition was referred to Magistrate Judge Shushan. Judge Shushan issued a Report and Recommendation on March 25, 2014, wherein she recommended that the petition be dismissed with prejudice. Petitioner filed timely objections to the Magistrate's ruling on April 11, 2014 (Rec. Doc. 23).

For the reasons enumerated below, **IT IS ORDERED** that the Magistrate's Recommendation and Report (Rec. Doc. 22) is **ADOPTED** and the instant habeas corpus petition is **DISMISSED WITH PREJUDICE**[1].

Causes of Action and Facts of Case:

The petition arises out of Petitioner's incarceration at the Louisiana Correctional Institute for Women in St. Gabriel,

---

[1] We are grateful for work on the case by Hayley Fritchie, a Tulane University School of Law Extern with our Chambers.

Louisiana. On March 14, 2009, Petitioner was convicted under Louisiana law of second-degree murder, and, on March 25, 2009, was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.

The record reflects that, on December 5, 2005, then eighteen-year-old Petitioner reported to 911 that someone had broken into her home and killed her three-month-old son. Rec. Doc. 22 at 6-8 (citing *State v. Adams*, No. 2009 KA 2015, 2010 WL 1838308, at *1-2 (La. App. 1st Cir. May 7, 2010); State Rec., Vol. VIII of XI). When law enforcement officers arrived at Petitioner's home, she hysterically told them that she was taking out the trash when two unidentified males entered her home and locked the door. *Id.* Petitioner claimed that, twenty minutes later, she reentered her home and found her son in the clothes dryer. *Id.* When the officers entered Petitioner's home, they found the infant propped up on the sofa, a blood stained comforter inside the dryer, and human skin in the dryer's lint filter. *Id.*

After speaking with Petitioner, the officers observed inconsistencies in her story, and that she was not crying tears despite her hysteria. *Id.* The officers took Petitioner to the police headquarters for questioning. *Id.* After the officers asked Petitioner to tell the truth, she responded, "My family is going to hate me," whereafter she provided a videotaped

statement that she had placed her son in the dryer to calm his crying, an act she had done before. *Id.* Petitioner's son died of blunt force head trauma and of second and third-degree burns on over fifty percent of his body. *Id.* Petitioner was arrested and indicted for murder. *Id.*

In a Sanity Hearing[2] on January 31, 2007, Petitioner was found not competent to proceed with trial. State Rec., Vol. I of XI, pg 4. The following year, on June 4, 2008, the state court found Adams competent to proceed with trial. *Id.* at 6. At a hearing on August 11, 2008, Petitioner waived her right to a trial by jury. State Rec., Vol. I of XI, pg 8. However, on December 8, 2008, Petitioner's counsel moved for a jury trial, which the trial judge granted. *Id.* at 9. The jury subsequently found Petitioner guilty of second-degree murder. Rec. Doc. 22 at 2. The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on May 7, 2010. On January 7, 2011, the Louisiana Supreme Court denied Petitioner's related writ application. *Id.*

Petitioner signed an application for post-conviction relief on or about December 29, 2011, which was filed with the state

---

[2] Petitioner references the "Sanity Commission" frequently in her Objection. The state court held that "[p]ursuant to sanity commission being previously filed, the defendant was . . . determined by the court to the competent." State Rec., Vol I of XI at 8; *see* LA. CODE CRIM. PROC. ANN. Art. 644 (2014)(appointment of sanity commission).

district court. *Id.* The application was denied on February 27, 2012. *Id.* The Louisiana First Circuit Court of Appeal denied the related writ application on June 4, 2012. *Id.* The Louisiana Supreme Court likewise denied Petitioner's related writ application on November 2, 2012. *Id.* Petitioner then filed the instant petition for writ of habeas corpus. *Id.* The state responded conceding that the application was timely but argued that Petitioner's claims were either procedurally barred or lacked merit. *Id.* Petitioner has supplemented and amended her federal application twice subsequent to the state's response. *Id.*

<u>Law and Analysis:</u>

I.  Standard of Review

The Anti Terrorism and Effective Death Penalty Act of 1996 (AEDPA) controls this Court's review of a § 2254 petition. *Hughes v. Johnson*, 191 F.3d 607, 612 (5th Cir. 1999). Under the AEDPA, when analyzing a question of fact, this Court defers to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). In reviewing questions of law and mixed questions of law and fact under the AEDPA, this Court defers to the decision of the state court unless that decision "was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States." *Id*. A decision is "contrary to" clearly established law when "(1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that Supreme Court decision." *Sprouse v. Stephens*, 748 F.3d 609, 616 (5th Cir. 2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)) (internal quotation marks and brackets omitted). A decision is an unreasonable application of clearly established federal law when "(1) the state court unreasonably applies the correct governing legal rule to the facts of the particular case, (2) the state court unreasonably extends a legal principle from [Fifth Circuit] precedent to a new context where it should not apply, or (3) the state court unreasonably refuses to extend that principle to a new context where it should apply." *Sprouse*, 748 F.3d at 616 (quoting *Williams*, 529 U.S. at 407) (internal quotations marks and brackets omitted). Petitioner must "show that the state court applied [the law] to the facts of [her] case in an objectively unreasonable manner." *Woodford v. Viscotti*, 537 U.S. 19, 25 (2002). A state court's application of federal law is unreasonable when "reasonable jurists considering the question would be of one view that the state court ruling was incorrect. *Kitchens v. Johnson*, 190 F.3d

698, 701 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).

This Court reviews objected to portions of a Magistrate's Report and Recommendation de novo. Fed. R. Civ. P. 72(3). Petitioner has objected to Judge Shushun's entire report. Therefore, this Court must review the Magistrate's entire report de novo.

II. Analysis

Denial of Records and Involuntary Confession (Claims 1 & 2)

First, Petitioner alleges that she was denied copies of her trial transcript and the district attorney's file, which adversely affected her ability to seek relief on direct and collateral review. However, for the purpose of a collateral review, Petitioner does not have a federal right to a copy of court records to search for error. *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971). Moreover, Petitioner's ability to seek collateral review cannot serve as a basis for a federal writ of habeas corpus because this Court must find constitutional error at the trial or direct review level. *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Therefore, Petitioner's claim that the denial of access to her records prevented her from seeking collateral review is meritless.

Petitioner also alleges that her denied access to her trial transcript and the District Attorney's file affected her ability

to seek direct review, and that the trial court erred in failing to suppress her confession because she was in a "delusional state" when it was given and had been subjected to "improper questioning techniques by the police." Rec. Doc. 4 at 31. Under the Procedural Default Doctrine, this Court is precluded from reviewing a claim that was rejected by a state court based on an "independent and adequate state procedural rule" unless the Petitioner demonstrates either (1) "cause and prejudice" or (2) "that a failure to address the claim will result in a fundamental miscarriage of justice." *Hughes*, 191 F.3d at 614. A state procedural rule is independent and adequate if it "'clearly and expressly' . . . rest[ed] on state grounds which bar relief, and [that] bar [is] strictly or regularly followed by state courts, and applied to the majority of similar claims." *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). The Court presumes that a state procedural rule is independent and adequate, and Petitioner is burdened with proving otherwise. *Hughes*, 191 F.3d at 614. To establish cause, Petitioner must establish an external cause "that cannot fairly be attributed to [her]." *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). If the Petitioner fails to establish cause for the procedural default, this Court does not need to consider whether there was prejudice. *Id*. at 817. Petitioner proves "a fundamental

7

miscarriage of justice" resulting from failure to review her claim with a "persuasive showing" that, "as a factual matter," she is innocent of the convicted crime. *Finley*, 243 F.3d at 220.

Petitioner's claim that the denial of her trial records prevented her from seeking a meaningful direct review is procedurally barred from review by this Court. The Louisiana District Court denied this post-conviction claim because [Petitioner] failed to raise the issue on direct appeal. Rec. Doc. 22 at 10 (citing State Rec., Vol. VIII of XI, Order with Reasons dated February 27, 2012). The Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court denied the related writ application without assigning additional reasons. *Id.* (citing *State v. Adams*, No. 2012 KW 0504 (La. App. 1st Cir. June 4, 2012); *State ex rel. Adams v. State*, 99 So.3d 665 (La. 2012) (No. 2012-KH-1408); State Rec., Vol. VIII of XI). This Court has repeatedly held that Louisiana's procedural rule regarding appellate waiver is an independent and adequate state ground to support a procedural bar in federal court. *Hurd v. Cain*, No. 09-3112, 2009 WL 3063354 (E.D. La. Sept. 23, 2009); *see, e.g., Simms v. Cain,* No. 07-966, 2008 WL 624073, at *27 (E.D. La. Mar.4, 2008); *Dorsey v. Louisiana,* No. 07-036, 2007 WL 1747014, at *4 (E.D. La. June 15, 2007). Therefore, since the Louisiana court dismissed Petitioner's claim on independent and

adequate grounds, it is the Petitioner's burden to show either cause and prejudice or a fundamental miscarriage of justice.

Petitioner fails to show either cause and prejudice or a fundamental miscarriage of justice for the purpose of precluding a procedural bar on the review of her claim for the denial of her trial records. Petitioner claims that the cause of her failure to address this matter on direct appeal was her ineffective counsel who did not communicate with the Petitioner prior to submitting the brief on direct appeal. Rec. Doc. 23 at 6-7. Petitioner claims to have repeatedly asked her trial attorney, Barry Bolton, and appellant attorney, Margaret Sollars, for access to her records but was unsuccessful. Petitioner claims this external cause was prejudicial because, had she gained access to all of the records in her case, she would have proven that she is not guilty of second-degree murder. Rec. Doc. 23 at 8. However, Petitioner does not carry her burden of establishing prejudice by pointing to evidence showing that her verdict could have been different if she had gained access to her transcripts. Moreover, it is of note that Petitioner's counsel on appeal cited the trial transcript in her appeal brief, demonstrating, at the very least, that counsel had access to the records on direct appeal. Rec. Doc. 22 at 12 n.16 (citing State Rec., Vol. IX of XI, Original Brief filed by Margaret S. Sollars). Additionally, the Court finds no

fundamental miscarriage of justice would result because of the procedural bar.

Petitioner's claim that the trial court erred in failing to suppress her confession because she was in a "delusional state" when it was given and because she had been subjected to "improper questioning techniques by the police" is also procedurally barred. The Louisiana First Circuit Court of Appeal held that Petitioner's "motions to suppress the confession did not include any assertions regarding the effect of her mental condition and/or the interrogation techniques on the voluntariness of the statement," and "a new basis or ground for the motion to suppress cannot be articulated for the first time on appeal." Rec. Doc. 22 at 15 (citing *Adams*, 2010 WL 1838308, at *3-4; State Rec., Vol. VIII of XI). The Louisiana Supreme Court denied the related writ application without assigning additional reasons. *Id.* (citing *State v. Adams*, 52 So. 3d 885 (La. 2011) (2010-KO-1375); State Rec., Vol. VIII of XI). Because it is presumed that the state procedural ground is independent and adequate, Petitioner in the present case does not meet her burden of demonstrating otherwise. *See Hughes*, 191 F.3d at 614. Therefore, Petitioner's claims that the trial court erred in failing to suppress her confession is procedurally barred from review by this Court unless Petitioner is able to demonstrate cause and prejudice or a fundamental miscarriage of justice.

Petitioner fails to show either cause and prejudice or a fundamental miscarriage of justice to preclude a procedural bar on this Court's review of her claim regarding the trial court's failure to suppress her confession. Petitioner argues that "[i]t was attorney error that this matter was not argued properly during trial and at the appellate level" because the word "delusional" was used instead of "insane." Rec. Doc. 23 at 12. "Ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As explained below, Petitioner's claim of ineffectiveness of counsel at the trial level for failure to suppress her confession is without merit, and thus is not a valid cause. Further, while "ineffective assistance of counsel on direct appellate review could amount to 'cause,'" for a procedural default, Petitioner provides no evidence that her appellate counsel was deficient aside from the conclusory allegation quoted above. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013). Because Petitioner has not established cause, it is not necessary to review her claim of prejudice. Therefore, Petitioner's claim is procedurally barred from this Court's review.

Insufficiency of Evidence (Claim 3)

Petitioner next argues that there was insufficient evidence to support her conviction of second-degree murder because she was insane at the time of the offense. In reviewing the sufficiency of evidence to support Petitioner's conviction, this Court must analyze "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). An insufficiency of evidence claim is a mixed question of law and fact, and thus this Court must give deference to the state court's findings that petitioner was not insane at the time of the offense unless the decision was contrary to or involved an unreasonable application of *Jackson*. *See Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). The elements of second-degree murder under Louisiana law are (1) the killing of a human being; and (2) the specific intent to kill or inflict great bodily harm. La. Rev. Stat. Ann. 14:30.1. Under Louisiana law, the Petitioner, who is presumed sane, does not have criminal responsibility because of insanity if "mental disease or mental defect" rendered her "incapable of distinguishing between right and wrong with reference to the conduct in question." La. Rev. Stat. § 14:14; *Perez*, 529 F.3d at 594.

Petitioner first argues that "the evidence concerning her mental health should have been sufficient to prove that she was insane" because "[t]he act speaks for itself" and "law enforcement immediately sought mental medical help for [Petitioner] upon her arrival at the detention center." Rec. Doc. 23 at 17. The Louisiana First Circuit Court of Appeal reviewed the evidence and found that "reasonable jurors could have concluded that the defendant failed to prove by a preponderance of the evidence that she was incapable of distinguishing between right and wrong at the time of the offense." Rec. Doc. 22 at 24-25 (citing *Adams*, 2010 WL 1838308, at *5-10; State Rec., Vol. VIII of XI). The court reasoned that, although Petitioner was diagnosed with depression, a mental illness, multiple experts testified that Petitioner knew right from wrong at the time of the crime. *Id* (citing *Adams*, 2010 WL 1838308, at *5-10; State Rec., Vol. VIII of XI). Moreover, Petitioner fabricated a claim of an attack to conceal her involvement in her son's death, and Petitioner stated that her family would "hate her" and that she "did not mean to kill [her son]," demonstrating her knowledge of the wrongfulness of her act. *Id*.

Petitioner faces a formidable task in establishing that the state court's ruling as to this claim was an unreasonable application of clearly established federal law. The jury could

have concluded that the expert testimony regarding Petitioner's sanity was credible, and thus the Louisiana court did not unreasonably apply the *Jackson* standard. Therefore, based on the record, the evidence could have led a rational trier of fact to find beyond reasonable doubt that the Petitioner was legally sane at the time of the offense because there was evidence that she was able to distinguish between right and wrong.

Petitioner next claims that the state failed to prove that she acted with specific intent to kill or inflict great bodily harm. Under Louisiana law, specific criminal intent requires the Petitioner to have an active desire for the consequences of her act. *Dupuy v. Cain,* 201 F.3d 582, 589 (5th Cir. 2000). "Specific intent is a question of fact which may be inferred from the circumstances and actions of the defendant." *Id.* Evidence shows that the Petitioner confessed to placing her son in the dyer and turning it on, causing him severe head trauma and burns. Rec. Doc. 22 at 30 (citing *State v. Adams*, 2010 WL 1838308 at *1-2 (La. App. 1st Cir. May 7, 2010); State Rec., Vol. VIII of XI). This evidence is sufficient for a rational trier of fact to infer specific intent to cause bodily harm beyond a reasonable doubt, even through Petitioner said she "didn't mean to kill him." Rec. Doc. 22 at 25 (citing *Adams*, 2010 WL 1838308, at *5-10; State Rec., Vol. VIII of XI). Therefore, there was

sufficient evidence to support Petitioner's conviction of second-degree murder.

Ineffectiveness of Counsel (Claim 4)

Petitioner's claims of ineffective assistance of counsel allege that her counsel failed to (1) involve her in her defense, (2) request a jury trial, (3) move to suppress her confession on the grounds that she was incompetent, and (4) perform an adequate pretrial investigation. The Supreme Court has held that a Petitioner seeking relief for ineffective assistance of counsel must prove that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court presumes that the "the challenged action might be considered sound trial strategy" under the circumstances. *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). Counsel's performance is deficient when "it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Petitioner has the burden of proving counsel's deficiency by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). Deficient performance is prejudicial when the Petitioner affirmatively proves that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," sufficient to "undermine

15

confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner's ineffective assistance of counsel claims were rejected on the merits by the Louisiana Courts in the post-conviction proceedings. Therefore, because this claim is a mixed question of law and fact, this Court must defer to the state court's decision unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254 (d)(1); *Little*, 162 F.3d at 861.

a. Failure to Involve Petitioner in her Defense

First, Petitioner alleges that her trial counsel failed to involve Petitioner in her own defense. Petitioner claims that trial counsel did not allow the Petitioner to participate in the selection of witnesses or testify on her own behalf. Petitioner argues that she and her family could have testified about Petitioner's "odd behavior" "prior to, during, and after the commission of the crime." Rec. Doc. 23 at 32-33. However, for the purpose of an ineffectiveness of counsel claim, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (quoting *Buckelew v. United States*, 575 F.2d 515, 521

(5th Cir. 1978)); *see also Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

Petitioner puts forth speculative and conclusory allegations of deficiency, and makes no showing of any specific prejudice. Thus, Petitioner has not met her burden in proving ineffective assistance of counsel. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (holding that "mere conclusory allegations in support for a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue"). Since Petitioner's mental illness was established by witnesses put on by the defense, it is hard to conceive what further evidence Petitioner or her physicians could have provided that would have established that Petitioner did not know right from wrong at the time of the offense, which was the only basis for the rejection of her insanity defense. Petitioner does not explain what her counsel was aware of, or should have been aware of, at the time of trial to require the testimony of these witnesses. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Thus, this Court finds that her assertion is conclusory and not a basis for an ineffective assistance of counsel claim. Moreover, Petitioner fails to provide any testimony from any of the proposed witnesses suggesting what they would have testified. *Id.* Therefore, Petitioner failed to prove any deficiency for failure to involve her in her defense that was

17

prejudicial. Thus, this Court cannot conclude that the state court decision was contrary to or an unreasonable application of *Strickland*.

   b. Failure to Waive Right to Jury Trial

Second, Petitioner claims that her trial counsel was deficient in requesting a jury trial. Petitioner argues that "trial counsel took it upon himself to override the decision of [Petitioner] and subjected [her] to a jury trial," and due to "the fact that [Petitioner] was insane before, during, and well after the commission of the crime, [her case] would have fared better appearing before a judge" who "would have been more apposite to aide in her defense." Rec. Doc. 23 at 23.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Because the evidence put on by the defense at trial described Petitioner's battle with mental illness, it is reasonable that Petitioner's counsel strategized to appeal to a jury with a defense centered on Petitioner's depression. Trial counsel was availing Petitioner of her basic rights by moving for a jury trial, and no waiver of her rights was involved as to require "fully informed and publicly acknowledged consent." *See Taylor v. Illinois*, 484 U.S.

400, 417-418 (1988). Petitioner has offered no evidence of prejudice as a result of this strategic decision. Petitioner has only speculated that a bench trial would have resulted in a different verdict, and thus has not carried her burden to claim ineffective assistance of counsel. Therefore, counsel's decision does not suggest deficiency or render the state court's decision an unreasonable application of federal law.

      c. Failure to Move to Suppress Petitioner's Confession on the Grounds of Incompetency

    Third, Petitioner argues that trial counsel failed to move to suppress her confession on the grounds that she was incompetent. Petitioner alleges that her trial counsel's failure to present a motion to suppress her confession with information regarding her mental condition and law enforcement's interrogation techniques was "not within the norms of effective counsel of the prongs set forth in *Strickland* nor that of the Sixth Amendment." Rec. Doc. 23 at 27. In support of this claim, Petitioner argues that counsel "negated his duty to adequately represent [her] by not effectively setting out that [she] was incapable of knowing the difference between right and wrong" in order to establish her incompetency at the time of the confession. Rec. Doc. 23 at 31. Louisiana Courts rejected this claim on direct appeal as procedurally defaulted because it had not been properly raised. Rec. Doc. 16 at 13. However, the state

court went on to address the merits of the claim, holding that Petitioner "indicated sufficient presence of mind" and "spoke willingly with the investigating officer when she admitted that she placed her infant son inside the clothes dryer and turned it on." *Id.*

"Failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *U.S. v. Chavez-Valencia*, 116 F.3d 127, 134 (5th Cir. 1997). Failure to raise a suppression issue can be a strategic decision and counsel must use professional discretion to determine whether there were sufficient grounds for the motion. *Id.* "Without knowing the reason for failing to file a pretrial motion, this Court is not positioned to review the competency of representation." *Id.* Because there was adequate expert testimony that Petitioner was not insane at the time of the crime, as explained supra, it reasons that counsel could have found there were not adequate grounds for a motion to suppress Petitioner's confession. Thus, ineffectiveness is not established.

d. Failure to Perform an Adequate Pretrial Investigation

Lastly, Petitioner alleges that her counsel was ineffective for failing to perform an adequate pretrial investigation of her mental illness and her interrogation by police. Petitioner's counsel must "make reasonable investigations or . . . reasonable decisions that make particular investigations unnecessary."

*Soffar v. Dretke*, 368 F.3d 441, 473 (5th Cir 2004) (quoting *Strickland*, 466 U.S. at 690). This court reviews reasonable professional judgment under the "prevailing professional norms." *Soffar*, 368 F.3d at 472-73. Petitioner claims that she was "hysterical, overwrought, irrational, paranoid, suspicious of her surroundings, mistrustful, suicidal, suffering from post-partum depression, and post-traumatic stress disorder at the time of this incident and questioning should have ceased." Rec. Doc. 23 at 29. However, as explained supra, under Louisiana law, a defense of insanity only applies if the Petitioner is able to show she was incapable of distinguishing between right and wrong at the time of the crime. La. Rev. State. Ann. § 14:14. Counsel did not fail to investigate Petitioner's mental illness. Rather, counsel called experts to testify to her mental incapacities, in addition to introducing lay testimony from Petitioner's mother, grandmother, aunt, high school teacher, high school guidance counselor and several friends. Rec. Doc. 22 at 18-25 (citing *Adams*, 2010 WL 18383008, at *5-10; State Rec., Vol. VIII of XI).

Petitioner offers no evidence that counsel's further pretrial investigation into her mental illness would have revealed additional support for Petitioner's insanity defense. To prevail on a claim of counsel's inadequate investigation, Petitioner must present evidence in the record demonstrating additional information that would have been revealed upon

further investigation to change the outcome of the trial. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). Petitioner's burden is to prove that if her counsel has investigated adequately, there is a reasonable probability the jury would have reached a different result. *Soffar*, 368 F.3d at 479. Because Petitioner failed to show that further investigation could have revealed specific evidence, the exclusion of which would prejudice her case, Petitioner has not met her burden to establish this claim.

In summary, Petitioner fails to establish that the decisions of the state court to dismiss her claims of ineffective assistance of counsel were contrary to, or an unreasonable application of, clearly established federal law, and this Court must deny relief.

Failure to Exhaust Additional Claims (Claim 5)

After filing a petition for federal habeas corpus relief, Petitioner amended her petition to add the following claims: (1) she was illegally "seized" in violation of the Fourth Amendment, (2) her counsel was ineffective for failing to move to quash the indictment for denial of a speedy trial, and (3) her counsel was ineffective for failing to impeach Zenadia Franklin as a witness. A habeas corpus application must have "exhausted the remedies available in the courts of the state," which is generally satisfied by presenting the claim to the state's

highest court. *See* 28 U.S.C. § 2254; *Dupuy v. Butler*, 837 F.2d 699, 701-02 (5th Cir. 1988). As the Magistrate Judge stated in her review of Volumes X and XI of the state court record, these three supplemental claims were not presented to the Louisiana Supreme Court, and thus have not been exhausted for the purposes of federal habeas corpus relief. Rec. Doc. 22 at 42-43. The presentation of new legal theories or factual claims in a federal habeas court petition does not satisfy the exhaustion requirement, resulting in a procedural default. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Therefore, this Court is procedurally barred from reviewing Petitioner's claims set forth in the supplemental memorandum.

For these reasons, the Court concurs with the Magistrate's Report and concludes that the state court's denial of relief was neither contrary to, nor an unreasonable application of, Supreme Court precedent. Because this habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition that ordinarily could be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). However, a claim is procedurally defaulted when "a prisoner fails to exhaust available state remedies, and 'the court to which the [P]etitioner would be required to present [her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Mays v. Cain*, CIV.A. 08-3983, 2011 WL

2295173 *4 (E.D. La. June 9, 2011) (quoting *Nobles v. Johnson,* 127 F.3d 409 (5th Cir.1997)). Under La. Code Crim. Proc. Ann. art. 930.8 (A), "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." Since Petitioner's sentence became final on May 7, 2010, Petitioner would be barred from filing any new post-conviction application in state court under La. Code Crim. Proc. Ann. art. 930.8(A) (two-year statute of limitation for state post-conviction application) and/or La. Code Crim. Proc. Ann. art. 930.4(E) ("a successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application"). As explained supra, defaulted claims may be reviewed upon a showing of either (1) cause and prejudice or (2) a fundamental miscarriage of justice. *Hughes*, 191 F.3d at 614. Petitioner has failed demonstrate either an external cause for the omission of these claims from her first state court application, or made a persuasive showing of her actual innocence of the crime committed. Therefore, Petitioner's application is dismissed with prejudice.

The Magistrate's Report and Recommendation is **ADOPTED** with regards to claims 1, 2, 3, 4, and 5. Therefore, the petition for

issuance of a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 31st day of July 2014.

UNITED STATES DISTRICT JUDGE